IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JAMEEL ANDERSON, | § |
| | § No. 199, 2022 |
| Defendant Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Cr. ID No. 1812001967 (N) |
| STATE OF DELAWARE, | § |
| | § |
| Appellee. | § |

Submitted: September 30, 2022
Decided: October 18, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Jameel Anderson, filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Anderson's opening brief that his appeal is without merit.  We agree and affirm.

(2)     In October 2019, Anderson pleaded guilty to possession of a firearm during the commission of a felony ("PFDCF") and two counts of second-degree assault.  The charges arose from an incident on November 20, 2018, during which Anderson shot a person with whom he had had an altercation and a bystander.  The

victims were both transported to the hospital in critical condition and required extensive medical treatment and multiple surgeries. As part of the plea, Anderson agreed to seek no less than five years of unsuspended prison time, and the State agreed to seek no more than ten years of unsuspended prison time. After receiving sentencing memoranda and mitigation information, including a mitigation report and the report of a psychological examination that concluded that the events surrounding the shooting incident supported a finding of extreme emotional distress, on December 13, 2019, the Superior Court sentenced Anderson to ten years of imprisonment for PFDCF and to eight years of imprisonment, suspended for two years of probation, for each assault count.

(3)     Anderson filed an unsuccessful motion for modification of sentence. On February 22, 2022, he filed a motion seeking correction of an illegal sentence under Superior Court Criminal Rule 35(a). The Superior Court treated it as a motion for sentence modification and denied it as both meritless and repetitive, and Anderson has appealed to this Court.

(4)     We review the denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] A sentence is illegal if it exceeds statutory limits,

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*

2

violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5) Anderson concedes that the applicable minimum-mandatory sentence for the PFDCF offense was five years based on his criminal history.[4] He asserts that his PFDCF sentence is illegal because the sentencing judge did not sufficiently explain the aggravating factors resulting in the upward departure from the minimum-mandatory sentence, as required by 11 *Del. C.* § 4204(n).[5] More specifically, he argues that Section 1447A(c) imposed an enhanced minimum-mandatory sentence based on Anderson's criminal history, so the Superior Court was required to identify additional aggravating factors to explain the ten-year sentence that it imposed.

(6) The appeal is without merit. As an initial matter, Anderson filed the motion for correction of illegal sentence more than two years after the imposition of sentence. This Court has previously construed a motion for sentence correction based on the sentencing judge's failure to explain the reasons for departing from the

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[4] Opening Brief at 9; *see also State v. Anderson*, I.D. No. 1812001967, Sentencing Transcript, at 4:10-11, 31:11-16, 33:4-8 (Del. Super. Ct. Dec. 13, 2019). The applicable version of Section 1447A established a minimum-mandatory sentence for PFDCF of five years for a person with two prior felony convictions. 11 *Del. C.* § 1447A(c) (effective May 24, 2018, to June 24, 2019).

[5] *See* 11 *Del. C.* § 4204(n) ("Whenever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty.").

3

Sentencing Accountability Commission ("SENTAC") guidelines as a claim that the sentence was imposed in an illegal manner that must be raised within ninety days of sentencing.[6]   Absent extraordinary circumstances, which Anderson has not identified, his motion was untimely.

(7)   In any event, Anderson's argument that the Superior Court did not sufficiently explain its reasons for exceeding the minimum-mandatory sentence is not persuasive.   Section 4204(n) provides that "[w]henever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty."[7] The presumptive sentence for a class B violent felony such as PFDCF is between two and five years, and the SENTAC Benchbook also recognizes the five-year minimum-mandatory sentence established in Section 1447A(c) for  a defendant with two predicate felony convictions.[8]

(8)   The court provided a detailed statement of its reasons for imposing the ten-year sentence in this case.  The sentencing judge observed that he had taken into account the aggravating factors as set forth in the State's sentencing memorandum,[9]

---

[6] *Richmond v. State*, 2022 WL 2276282, at *2 (Del. June 22, 2022).

[7] 11 *Del. C.* § 4204(n); *see also Gibson v. State*, 2020 WL 7213227, at *2 (Del. Dec. 3, 2020) (stating that Section 4204(n) "imposes a statutory duty upon a sentencing judge to state on the record the reasons for any sentence that falls outside the SENTAC presumptive sentence").

[8] SENTAC Benchbook 2019, at 38, 39, 43, *available at* https://cjc.delaware.gov/wp-content/uploads/sites/61/2019/01/Benchbook-2019.pdf.  We refer to the 2019 version of the Benchbook because Anderson was sentenced in 2019.  *Gibson*, 2020 WL 7213227, at *1 n.1.

[9] *State v. Anderson*, I.D. No. 1812001967, Sentencing Transcript, at 27:16-20, 29:21-30:1.

which included prior violent criminal conduct and the fact that Anderson had been conditionally released from Level V confinement less than a month before the shooting (implicating various SENTAC aggravating factors, including custody status at the time of the offense, need for correctional treatment, and lack of amenability to less-restrictive sanctions).[10] The judge also emphasized the "dire" consequences to the two victims and that "[t]he consequences here could have been even worse, they could have been fatal, there could have been two dead individuals."[11] The judge also recognized the mitigating factors and suggested that he had "struggle[d] with whether to exceed the recommended sentence by the State" because of the "serious" nature of the offense.[12] But weighing the aggravating factors, the mitigating factors, and defense counsel's extensive presentation, the court imposed the ten-year sentence recommended by the State.[13] We conclude that the court sufficiently explained on the record its reasons for the sentence that it imposed.[14]

---

[10] *See State v. Anderson*, I.D. No. 1812001967, Docket Entry No. 45, State's sentencing memorandum (filed Dec. 11, 2019); SENTAC Benchbook 2019, at 132 (listing aggravating and mitigating factors).

[11] *State v. Anderson*, I.D. No. 1812001967, Sentencing Transcript, at 29:8-11.

[12] *Id.* at 29:16-20.

[13] *Id.* at 29:21-30:19.

[14] *Cf. Lloyd v. State*, 2022 WL 4372760, at *3 (Del. Sept. 22, 2022) (affirming denial of motion to correct illegal sentence because sentencing judge had sufficiently explained upward departure from SENTAC guidelines).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice